## APPEAL OF BANK OF SWEETWATER.

Docket No. 1710.   Submitted June 8, 1925.   Decided September 28, 1925.

Evidence *held* insufficient to form the basis of a decision.

*A. H. Murray, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the years 1918, 1919, and 1920, in a total amount of $948.44.

### FINDINGS OF FACT.

The taxpayer is a Tennessee banking corporation doing business at Sweetwater.

The taxpayer was engaged, prior to 1913, for approximately 25 years in the general banking business at Sweetwater, and during all of that time owned and occupied a substantial brick banking house and all the furniture and fixtures necessary for the proper transaction of its business.   On March 1, 1913, the banking house of the taxpayer had a fair market value in its then condition of $4,500, exclusive of the land upon which it was located.   As of the said date the furniture and fixtures in the banking house had a reasonable value of $2,700.   All of the cost of such fixtures had been charged to expense, or to depreciation, prior to that date.   On or about October 1, 1918, the taxpayer acquired sufficient stock of the Trust & Savings Bank, also of Sweetwater, to become affiliated with that institution.   The Trust & Savings Bank had been organized in or about 1910, and on March 1, 1913, owned a substantial brick banking house which had at that date a fair market value of $6,000 in its then condition, and there were located in the said banking house furniture and fixtures used in connection with the business of that institution of a value of $2,300.

Between March 1, 1913, and January 1, 1918, the Bank of Sweetwater made additions to its building in amounts as follows by years:

| | |
|---|---|
| 1913 | $143.90 |
| 1914 | 86.25 |
| 1916 | 109.46 |

For the taxable years here in question, additions were made as follows:

| | |
|---|---|
| 1918 | $600.00 |
| 1919 | 1,277.63 |
| 1920 | 2,974.54 |

To its furniture and fixtures account, additions were made from March 1, 1913, to January 1, 1918, by years, as follows:

| | |
|---|---|
| 1913 | $42.00 |
| 1914 | 33.60 |
| 1915 | 55.00 |
| 1916 | 48.64 |
| 1917 | 725.81 |

For the taxable years here in question the taxpayer made additions to its furniture and fixtures account for 1918, $485; for 1919, $476.94; and none in 1920.

From March 1, 1913, to and including the taxable years here in question, the Trust & Savings Bank did not make any substantial improvements to its building or additions to its furniture and fixtures.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

JAMES: We are unable to determine from the petition or from the evidence submitted by the taxpayer what action, if any, of the Commissioner forms the basis either of the determination of the deficiency here apparently in question or of the taxpayer's appeal. We have found every fact the taxpayer claims to be true. But none of these facts, standing alone, proves that the deficiencies found by the Commissioner are erroneous. We gather from the allegations of the petition and the facts as proven that a recomputation of the depreciation upon the value fixed by the Board in the above findings would result in the reduction or the elimination of the deficiency. We are not advised what the Commissioner did. We have no means of knowing whether the Commissioner added the improvements to capital account, or what rate of depreciation the Commissioner allowed in the audit of the returns of the taxpayer. At the taking of depositions the representative of the Commissioner attempted to introduce the correspondence between the Commissioner and the taxpayer relating to this appeal to show precisely what had taken place preliminary to the determination of the deficiency. It is quite possible that if that correspondence were before the Board we would be in a position to make a finding for the taxpayer in this appeal. But the taxpayer objected to the introduction of this evidence. The witness then on the stand said: " I prefer not to answer that question inasmuch as it has been objected to."

The Board can not intelligently review the action of the Commissioner if it is not informed what action is sought to be reviewed.

ARUNDELL not participating.